UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KENNETH COLVIN, JR.,

        Plaintiff,         Case No. 1:13-cv-465

v.         Honorable Robert J. Jonker

KARL FOY et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Breedlove. The Court will serve the complaint against Defendant Foy.

**Discussion**

I. Factual allegations

Plaintiff Kenneth Colvin, Jr. presently is incarcerated at the Carson City Correctional Facility, though the actions about which he complains occurred while he was housed at the Ionia Maximum Correctional Facility (ICF). Plaintiff sues ICF Classification and Transfer Director Karl Foy and ICF Grievance Coordinator Myken D. Breedlove.

Plaintiff alleges that in 2011, shortly after he was released from administrative segregation, he wrote several letters to Defendant Foy, seeking a prison work assignment. On March 24, 2011, Foy responded, saying he had no work for Plaintiff at that time. On April 8, 2011, Plaintiff learned that Foy had assigned several prisoners work assignments, despite the fact that those prisoners had come from administrative segregation more recently than Plaintiff. Plaintiff filed a grievance against Foy. When he was reviewed on the grievance on April 19, 2011, Plaintiff complained to Lieutenant S. Cheeks that Defendant Foy was denying him a work assignment in retaliation for Plaintiff's having filed several grievances against Foy. Cheeks denied the grievance, telling Plaintiff that Defendant Foy had explained that he wanted to see Plaintiff misconduct-free for six months before giving him a work assignment. Plaintiff completed a Step II appeal and mailed it to Defendant Breedlove.

On May 5, 2011, Plaintiff received a callout dated May 6, 2011, for a work assignment as a food-cart pusher. In that position, Plaintiff was made to work with Prisoner Williams, the prisoner with whom Plaintiff had had a fight on December 25, 2010, which had resulted in Plaintiff's administrative segregation. Plaintiff contends that he and Williams were likely to have another confrontation, but Plaintiff worked the job with Williams until May 22, 2011.

Plaintiff claims that Foy made the assignment, despite knowing the history between the two prisoners and in violation of regular MDOC practice. Plaintiff filed a grievance, which was heard at Step I by Lt. Cheeks on May 22, 2011. Cheeks concluded that the work placement was not appropriate. Plaintiff contends that the work assignment was retaliatory and that Foy was deliberately indifferent to Plaintiff's safety.

On October 25, 2011, Defendant Foy ordered Plaintiff transferred to the Chippewa Correctional Facility (URF), a place Plaintiff claims is infamous for the physical and mental abuse of prisoners, particularly African-Americans and those who have filed grievances and lawsuits against MDOC employees. Plaintiff complains that Foy also failed to make a notation on Plaintiff's transfer order indicating that Plaintiff was currently receiving a Kosher diet. Plaintiff claims that failure to make the notation resulted in an unnecessary delay in Plaintiff's receiving a Kosher diet at URF. In addition, Plaintiff claims that the transfer was made just days before Plaintiff was eligible to receive a three-point reduction for working a job assignment for six months. Plaintiff alleges that the transfer was made in retaliation for Plaintiff's prior grievances against Foy.

Plaintiff next alleges that, during the entire period of his stay at ICF, he had a problem with the grievance process under Defendant Breedlove. Plaintiff filed a complaint against Breedlove on November 1, 2010, alleging that she had failed to carry out her duties by processing Step I grievances and failing to send Step II appeals. Plaintiff also raised the issue at the November Warden's Forum. On May 20, 2011, Plaintiff received correspondence from the Michigan Office of the Legislative Corrections Ombudsman, thanking Plaintiff for submitting his concerns and indicating that an investigation had been initiated to improve the grievance process statewide and that ICF had been contacted.

Plaintiff filed a grievance against Defendant Breedlove on June 19, 2011, and, on June 21, 2011, Plaintiff was placed on modified grievance access.[1]  Plaintiff complains that, while he was on modified access, Defendant Breedlove routinely ignored his requests for grievance forms, including his request for a form to grieve his placement on modified access. On June 7, 2011, in response to Plaintiff's request for numerous Step I and Step II grievances and appeals forms, Breedlove told Plaintiff to limit his requests for grievances to one per day. Plaintiff alleges that, when he complained about Breedlove's handling of his grievances, Lt. Cheeks told Plaintiff that she suspected Breedlove was withholding grievances to anger Plaintiff. Plaintiff complains that Defendant Breedlove's interference with his grievances was done in retaliation for Plaintiff's prior grievances against Plaintiff.

Plaintiff seeks compensatory and punitive damages in the amount of $500,000.00.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[1] Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ HH. (eff. July 9, 2007). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ KK.

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Breedlove

Plaintiff complains that Defendant Breedlove interfered with his right to engage in the grievance process and retaliated against Plaintiff for filing grievances. Arguably, Plaintiff raises both a due process claim and a First Amendment retaliation claim.

Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Breedlove's conduct did not deprive him of due process.

In addition, the Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim. *See, e.g., Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005) (per curiam); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. Sept. 26, 2001). Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. As previously discussed, Plaintiff has no due process right to file a grievance, so Breedlove's action could not be considered adverse on the ground that it deprived Plaintiff of his right to due process. *Walker*, 128 F. App'x at 445. In

addition, placement on modified access could not deprive Plaintiff of the ability to file civil rights actions in federal court. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust only "such administrative remedies as are available" prior to filing suit in federal court. If a prisoner has been placed on modified access to the grievance procedure and attempts to file a grievance which is deemed to be non-meritorious, he has exhausted his "available" administrative remedies as required by § 1997e(a). *See, e.g., Kennedy*, 20 F. App'x at 471. Because Plaintiff's placement on modified access could not prevent him from filing claims in federal court, it does not rise to the level of adverse action. *Id.*; *see also Jackson*, 158 F. App'x at 660.

In sum, because Plaintiff fails to state either a due process or a retaliation claim against Breedlove, the Court will dismiss Defendant Breedlove from the action.

### B. Defendant Foy

The Court concludes that Plaintiff has made sufficient allegations to warrant service of the complaint on Defendant Foy.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the action against Defendant Breedlove will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. The Court will serve the complaint against Defendant Foy.

An Order consistent with this Opinion will be entered.

Dated:     June 4, 2013                    /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE